## CLINTON NATIONAL BANK v. MANWARRING.

**Mortgage.** An absolute conveyance of real property, intended as security for a loan, where the grantee executes a bond for re-conveyance upon the payment of the loan, constitutes an express mortgage; and the property is subject to sale upon execution under a judgment against the grantor.

*Appeal from Clinton District Court.*

THURSDAY, SEPTEMBER 24.

THIS is a suit in equity to have certain conveyances, absolute in form, declared to be but mortages, and to have the alleged

mortgagor's interest in the real estate conveyed subjected to sale under the plaintiff's judgment and execution. Plaintiff avers that the defendant, Manwarring, owned the land in controversy May 1st, 1857, and on that day conveyed the same to Lyman Alger by absolute deed, though in fact it was a mortgage, and given as a security for a loan; that July 16th, 1857, Alger, at request of Manwarring, conveyed to William Vickery, who advanced the money to pay Alger, and as a security for the advance; that in 1865 Vickery died, and his interest passed to his heirs, who are also made defendants; that on June 22d, 1868, plaintiff recovered judgment against Manwarring for $376.82 and costs; that July 15th, 1870, execution was issued and levied upon the land; that September 23, 1872, Manwarring, by quit claim deed, conveyed the land to the heirs of Vickery by name and without consideration. Plaintiff also avers that the debt which the conveyance was given to secure has been paid in whole or in part; that the defendants, in plaintiff's judgment, have no other property out of which the judgment can be made. The defendants admit the conveyances, but deny that they were mortgages.

Upon the trial the court adjudged that the conveyances were mortgages, and found due the Vickery heirs $710, and declared the same a prior lien to plaintiff's claim, and adjudged the mortgagors' interest subject to sale under execution to satisfy the plaintiff's judgment and costs, etc. The defendants appeal.

*Foster & Bice* and *G. Monroe,* for appellants.

*Hayes & Young,* for appellees.

Cole J.—This judgment must be affirmed. The evidence abundantly shows that the absolute conveyance to Alger was as a security for a loan of money, and that he gave back a bond to re-convey upon its repayment. It also appears that Vickery knew of the loan by Alger, and advanced the money as a loan to Manwarring to pay it, and that he also gave a bond to Manwarring to re-convey when his loan should be repaid; and while this bond was a *time* bond, yet it was never

declared forfeited, but, on the contrary, payments were made and accepted long after its maturity. The heirs acquired nothing by the quit claim conveyance, because they paid no consideration for it, and took it with knowledge of all the facts; and, besides this, the quit claim deed was made after the lien of plaintiff's judgment and levy had attached.

Appellants' counsel make several legal points against the relief granted; as, that there is no proof that the judgment defendants have no other property, and no return of *nulla bona;* that there is no proof of fraud or collusion in the making of the quit claim deed, and the like. But all these are met by the fact that the absolute conveyances and the bonds to re-convey are express mortgages, leaving a title in the mortgagor, subject to the judgment lien and sale, regardless of the questions made.

AFFIRMED.